**BLD-119**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1167
_____

UNITED STATES OF AMERICA

v.

RUBEN GUADALUPE MORALES,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-16-cr-00129-002)
District Judge:  Honorable John E. Jones III
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2021

Before:   AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: March 17, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ruben Morales appeals the District Court's order denying his motion for compassionate release. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2017, Morales was convicted of conspiracy to distribute and possess with intent to deliver five kilograms or more of cocaine hydrochloride and 280 grams or more of crack and sentenced to 13 years in prison. See ECF No. 93.

In August 2020, Morales filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). See ECF No. 106. He argued that the District Court should release him because his asthma and obesity place him at an increased danger from the COVID-19 pandemic. He also claimed that he has been rehabilitated in prison and that his release would allow him to help care for his elderly mother and children. The District Court denied the motion, concluding both that Morales had not shown that "extraordinary and compelling reasons warrant such a reduction" in sentence, § 3582(c)(1)(A)(i), and that the 18 U.S.C. § 3553(a) factors counseled against release. See ECF No. 115.

In January 2021, Morales filed a new motion for compassionate release. See ECF Nos. 116–17. In most ways, his new filing repeated arguments from his initial filing; however, he also claimed that, since he had last filed, there had been confirmed cases of COVID-19 in his prison. See ECF No. 116 at 1. The District Court denied the motion, concluding that it had raised "no new grounds or arguments in valid support of the Defendant's request." ECF No. 118. Morales filed a notice of appeal, and the Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We will grant the Government's motion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against granting compassionate release here.[1] Although the Court's order was terse, we are satisfied that "the judge 'considered the parties' arguments and had a reasoned basis for exercising his own legal decisionmaking authority.'" Chavez-Meza v. United States, 138 S. Ct. 1959, 1967 (2018) (quoting Rita

_____

[1] Based on this conclusion, we need not address whether "extraordinary and compelling reasons warrant" a reduction in Morales's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

3

v. United States, 551 U.S. 338, 356 (2007)).  As the Court explained, Morales has a lengthy criminal history: he "is a career offender who was on state parole when he was charged with the instant offense."  ECF No. 115 at 4.  The District Court thus did not err in finding that this history militated against release.  It was also reasonable for the Court to determine that the fact that Morales had served less than five years of his 13 year-sentence worked against him.  See, e.g., Pawlowski, 967 F.3d at 330.  We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  Id. (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.